# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **LEZLI HALL,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:11-CV-00092-TCB/AJB** |
| **v.** | : | |
| | : | |
| **CHASE HOME FINANCE, LLC,** | : | |
| **FINANCE AMERICA, OCWEN** | : | |
| **FEDERAL BANK, and** | : | |
| **MORTGAGE ELECTRONIC** | : | |
| **REGISTRATION SYSTEM,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff Lezli Hall ("Plaintiff" or "Hall") has filed a civil action against the

following four Defendants: (1) Chase Home Finance, LLC ("Chase"); (2) Finance

America; (3) Ocwen Federal Bank ("Ocwen"); and (4) Mortgage Electronic

Registration System, ("MERS"). (*See* Complaint in Doc. 1-1). The undersigned now

considers the following motions by the parties: (1) Plaintiff's Motion for Injunctive and

Other Relief, and for Motion to Compel Defendant to Produce and Comply with

Plaintiff's Demands, (*See* Motion in Doc. 1-1); (2) a motion to dismiss by Ocwen,

[Doc. 4]; (3) a motion to dismiss by Chase and MERS, [Doc. 6]; and (4) Plaintiff's

Motion for Clerk's Entry of Default and motion for default judgment, [*see* Doc. 9]. For the reasons discussed below, the undersigned **RECOMMENDS** that: (1) Plaintiff's motion for injunctive relief and to compel be **DENIED**; (2) the motion to dismiss by Ocwen, [Doc. 4], be **GRANTED IN PART AND DENIED IN PART**; (3) the motion to dismiss by Chase and MERS, [Doc. 6] be **GRANTED IN PART AND DENIED IN PART**; and (4) Plaintiff's motion for default and default judgment, [Doc. 9], be **DENIED**. The undersigned also **RECOMMENDS** that the District Court *sua sponte* **DISMISS** all claims against Finance America and the following claims against Ocwen, MERS, and Chase: (1) claims under the United States Constitution; (2) claims under the Fair Credit Billing Act; (3) claims under the Truth in Lending Act; and (4) claims under the Uniform Commercial Code.

## I.    *Introduction*

On November 8, 2010, Plaintiff filed an action in the Gwinnett County Superior Court labeled as "Plaintiff's Petition for Injunctive and Other Relief and For Court to Compel Defendant to Produce and Comply with Plaintiff's Demands," which the parties have construed as a Complaint[1] and which the Clerk has construed as Complaint

---

[1]      [*See* Doc. 1 ¶ 3 & n.1; Ocwen's Motion to Dismiss in Doc. 2-2].

AO 72A
(Rev.8/8
2)

and a Motion for Injunctive Relief and Motion to Compel.[2] (*See* Petition for Injunctive and Other Relief in Doc. 1-1 (hereinafter "Complaint" or "Motion for Injunctive Relief and Motion to Compel").  In this Complaint, Plaintiff appears to raise claims against Chase, MERS, Ocwen, and Finance America for violations of "Statute, the Constitution for the United States, the Constitution for Georgia, the Uniform Commercial Code (UCC) 3-601, 3-602, 3-603, 3-604, 3-605, the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §§ 1601, 1692 et seq."  (*See* Complaint at 2 in Doc. 1-1 at 3).[3] Defendants also appear to construe Plaintiff's Complaint as raising claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666-1666i.  [Doc. 1 ¶ 3; *see also* Complaint at Exh. B in Doc. 1-1 at 14-16).

Chase, with Ocwen's and MERS's consent, removed this case from the Superior Court of Gwinnett County to this Court on January 13, 2011.  [Doc. 1 ¶ 7].  Prior to removal, Ocwen had filed a motion to dismiss and an answer in the State court.

---

[2]     *See* Dkt. Entry dated 1/13/2011.

[3]     Plaintiff's Complaint appears to be one of the many form complaints that are being circulated to *pro se* plaintiffs in Georgia state and federal courts.

3

AO 72A
(Rev.8/8
2)

[Docs. 4-5]. On January 19, 2011, Chase and MERS filed their motion to dismiss. [Doc. 6]. On February 8, 2011, Plaintiff filed a document entitled, "Plaintiff's Response to Defendant(s) Notice of Removal of Action and Motion to Dismiss," which contained a Motion for Clerk's Entry of Default and for Default Judgment. [Doc. 9]. Ocwen filed a response to this document on February 23, 2011, [Doc. 10], and Chase and MERS filed a response on February 25, [Doc. 12]. Also, on February 25, MERS and Chase filed a reply brief in support of their motion to dismiss. With briefing completed the undersigned turns to the merits of the parties' motions.

## II.    *Facts*[4]

On December 23, 2004, Plaintiff obtained a 30-year adjustable rate loan from Finance America, LLC, in the amount of $288,750 to refinance her prior mortgage for property at 1040 Henry Terrace, Lawrenceville, Georgia 30045 ("Henry Terrace Property"). Plaintiff executed a security deed providing a security interest in the Henry

---

[4]    In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact). The Court also considers those documents attached to Defendants' motion to dismiss that are "(1) central to the plaintiff's claim and (2) undisputed," *i.e.*, the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

4

Terrace Property to MERS. This security deed stated that MERS was acting as a nominee for the lender and that MERS was the grantee under the security instrument. (*See* Security Deed at 1-2 in Doc. 4-1 at 10-11, 24 at Exh. 1; Satisfaction of Mortgage in Doc. 4-1 at 31 at Exh. 2). The security deed was recorded on January 6, 2005. (Security Deed at 1-2 in Doc. 4-1 at 10).[5] On May 2, 2008, MERS as a nominee for Finance America assigned the loan to U.S. Bank, NA, as a trustee for Lehman Brothers Structured Asset Investment Loan Trust-SAIL 2005-3. The assignment was recorded in Gwinnett County on June 3, 2008. (*See* Assignment in Doc. 4-1 at 51 at Exh. 4).

Plaintiff mailed a "Qualified Request Notice" to Defendants on September 23, 2010, seeking to determine whether there was a contractual relationship between Plaintiff and Defendants.[6] (Complaint ¶ 3(1), (3)-(4); *see also* Qualified Request Notice in Complaint at Exh. B in Doc. 1-1 at 14-16). Plaintiff sought "[f]ull disclosure

---

[5]     Ocwen states in its brief that it serviced the loan until April 1, 2005, [Doc. 4-1 at 2], but this fact is not included in Plaintiff's Complaint and Ocwen's motion to dismiss does not provide any documents to support this assertion. As such, the undersigned does not consider this assertion in evaluating the motion to dismiss.

[6]     The Qualified Request Notice sought: (1) production of "the Original Verified Note with blue ink signatures"; (2) "a full independent third party audit of the account"; (3) enforcement of Plaintiff's rights under Regulation Z, TILA, and RESPA; (4) rescission of the note, refund of prior payments, and cessation of debt collection activity; and (5) communications on the matter be made in writing. (*See* Qualified Request Notice in Complaint at Exh. B in Doc. 1-1 at 15-16).

from both parties," which appears to be a request to see the note, and inquired whether "Defendant" had validated the claims or complied with Plaintiff's demands to produce. (Complaint ¶ 3(3), (6)-(7); *see also* Qualified Request Notice (requesting production of "blue ink signatures")). Plaintiff states that she has offered to satisfy any purported debt, but that "Defendant" has refused. (Complaint ¶ 3(5)). Plaintiff believes that "Defendant" is "in default and without claim" because it has not validated its claims and produced documents or responses to Plaintiff's demands. (Complaint ¶ 3(9)).

Plaintiff then filed suit against Defendants in the Gwinnett County Superior Court on November 8, 2010. (*See* Complaint in Doc. 1-1). She sent her lawsuit to Ocwen by certified mail to an address in West Palm Beach, Florida. (*See* Envelope in Doc. 4-1 at 53 at Exh. 5; *see also* Doc. 4-1 at 3 & n.2).

## III.   *Ocwen's Motion to Dismiss, [Doc. 4]*

Ocwen raises two bases for seeking dismissal - - insufficiency of service of process and failure to state a claim. [*See* Doc. 4]. The undersigned addresses each basis separately below.

### A.    *Failure to Serve Process*

Ocwen argues that Plaintiff's service by certified mail was insufficient under Georgia law. First, Ocwen argues that as an entity registered to do business in Georgia,

6

Plaintiff's service had to be made personally or on its registered agent. Second, Ocwen argues that Plaintiff's envelope was not addressed to the secretary of Ocwen at its principal place of business. [Doc. 4-1 at 4].

Under FED. R. CIV. P. 12, a court may dismiss a civil action for insufficient service or insufficient service of process. FED. R. CIV. P. 12(b)(4), (5). "An objection to service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of the service provision utilized.' " *Binns v. City of Marietta Housing Auth.*, No. 1:07-cv-0070-RWS, 2007 WL 2746695, *2 (N.D. Ga. Sept. 18, 2007) (quoting *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986)); *see also Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (Shoob, J.); Wright & Miller, 5B Fed. Pract. & Proc. § 1353 (3d ed.) ("The objection to insufficiency of process or its service should point out specifically in what manner the plaintiff has failed to satisfy the requirements of the service provision that was utilized.") (emphasis added).

In a removal case such as this one, "the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed. After removal, the sufficiency of service of process is determined according to federal law." *Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 697 (M.D. Ga. 1998) (citing

7

28 U.S.C. § 1448). Any defect in service in the State court therefore "may be cured under [FED. R. CIV. P. 4]" following removal. *Id.* A plaintiff has 120 days after removal to serve a defendant under the federal rules. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997); *see also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706-07 (10th Cir. 2010) (holding that plaintiff had an additional 120 days after removal to perfect service). If service of process is insufficient, this Court will not have personal jurisdiction over the defendant. *See Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citing *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

The Court concludes that Ocwen's motion to dismiss for insufficient service of process is premature. Defendants removed the instant civil action to this Court on January 13, 2011. [Doc. 1]. Therefore, any defects in the State court service identified by Ocwen can be remedied following removal. *See* 28 U.S.C. § 1448. Also, Plaintiff has until 120 days after removal, *i.e.*, until May 13, 2011, to correct the defects in service. *Ritts*, 989 F. Supp. at 1479. Therefore, Ocwen's motion to dismiss for insufficient service of process is premature. *See Horton v. Fulton County Dep't of Family and Children Servs.*, No. 1:10-cv-2665, 2010 WL 5055827, *1-2 (N.D. Ga. Nov. 9, 2010) (King, M.J.), *adopted by* 2010 WL 5055824 (N.D. Ga. Dec 06, 2010)

AO 72A
(Rev.8/8
2)

(Thrash, J.) (denying Rule 12(b)(5) motion to dismiss as premature "[b]ecause the 120-day period for effecting service has yet to expire"); *Candido v. District of Columbia*, 242 F.R.D. 151, 161 (D.D.C. 2007) (noting that defense of insufficiency of service of process was not available until the 120-day deadline had elapsed); *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 722 (E.D. Mich. 2006) ("Since the plaintiffs yet may perfect service of process, the defendant's motion to dismiss for want of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) or insufficiency of service of process under Rule 12(b)(4) is premature."); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1342 n.5 (11th Cir. 2005) (Federal Rule of Civil Procedure 4(m) "prohibits dismissal for failure to serve process if fewer than 120 days have elapsed since the plaintiff filed [his] complaint.").

Accordingly, the undersigned **RECOMMENDS** that Ocwen's motion to dismiss for insufficient service of process be **DENIED WITHOUT PREJUDICE**.

### B. Failure to State a Claim

#### 1. Ocwen's Arguments

Ocwen argues that Plaintiff has not given fair notice of her claims for violations of the FDCPA and the UCC, noting that Plaintiff has vaguely referenced these provisions and has not provided any allegations to suggest how Ocwen violated these

9

AO 72A
(Rev.8/8
2)

statutes. [Doc. 4-1 at 5]. Ocwen also argues that Plaintiff's FDCPA claims must be dismissed because the FDCPA does not generally apply when a lender enforces a security interest. [*Id.* at 5-6]. Ocwen finally argues that Plaintiff cannot recover on her validation of debt theory because Plaintiff has not provided any legal support for her position and has not alleged wrongdoing against Ocwen. [*Id.* at 6].

### 2.     *Failure to State a Claim Standard*

Under FED. R. CIV. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)). Under the Supreme Court's *Twombly* decision and its progeny (*Erickson v. Pardus*, 551 U.S. 89 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)), the Rule 8 requirement is satisfied when the complaint contains

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

10

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

*Iqbal*, 129 S. Ct. at 1949 (internal punctuation and citations to *Twombly* omitted). A court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1951). This interpretation of the Rule 8 standard applies to *pro se* litigants although *pro se* litigants' complaints are held to less stringent standards and are liberally construed. *See Erickson*, 551 U.S. at 94.

### 3. Analysis

The undersigned concludes that Plaintiff has not stated FDCPA claims against Ocwen. Before explaining this conclusion, the undersigned notes he will not recommend dismissal of Plaintiff's Complaint based on the deficiencies raised in Ocwen's motion, [Doc. 4 at 5, 6-7[7]] for the reasons outlined in Part IV.C, *infra*.

---

[7] Plaintiff's claims against Ocwen centering on her validation of debt theory should be dismissed for the same reasons that these claims are subject to dismissal against MERS and Chase. *See* Part IV.E, *infra*.

AO 72A
(Rev.8/8
2)

As for Plaintiff's FDCPA claims against Ocwen, this statute only applies to a "debt collector." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004). Plaintiff's complaint does not provide any allegations that Ocwen is a debt collector, so Plaintiff has not alleged violations of the FDCPA. *See* Part IV.E, *infra*.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's FDCPA claims against Ocwen be **DISMISSED**.

## IV. *Motion to Dismiss by Chase and MERS, [Doc. 6]*

Chase and MERS seek dismissal of Plaintiff's complaint on multiple grounds. First, Chase and MERS claim that Plaintiff's civil action should be dismissed for insufficiency of service of process. [Doc. 6 at 2 n.2]. Second, they claim that dismissal is appropriate because Plaintiff's civil action is a shotgun pleading. [*Id.* at 3-5]. Third, Chase and MERS argue that the case should be dismissed because Plaintiff's pleading does not meet the Rule 8 pleading standard as interpreted by the Supreme Court's *Twombly* and *Iqbal* decisions. [*Id.* at 6-8]. Fourth, these Defendants assert that Plaintiff's purported fraud claims do not state a claim under the heightened pleading standard of FED. R. CIV. P. 9. [*Id.* 8-10 & n.5]. Fifth, Chase and MERS assert that Plaintiff is not entitled to relief under RESPA, the FDCPA, or State law based on her

AO 72A
(Rev.8/8
2)

demand that they produce the original loan documents. [*Id.* at 10-14].[8] The undersigned discusses each argument below.

### A. Failure to Serve Process

Chase and MERS assert that service by certified mail is insufficient under the federal rules. [Doc. 6 at 2 n.2]. Just as Ocwen's motion to dismiss for insufficient service of process is premature, the undersigned concludes that Chase and MERS's motion should also be denied as premature. *See* Part III.A, *supra*. Accordingly, the undersigned **RECOMMENDS** that Chase and MERS's motion to dismiss for insufficient service of process be **DENIED**.

### B. Shotgun Pleading

A shotgun pleading is one that is "framed in complete disregard of the principle that separate, discrete causes of action should be plead[ed] in separate counts." *Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 905 (11th Cir. 1996). Typically, this occurs when the complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic*

---

[8] Chase and MERS also assert that Plaintiff is not entitled to injunctive relief under FED. R. CIV. P. 65. [Doc. 6 at 14-16]. The undersigned addresses these arguments in relation to Plaintiff's Motion for Injunctive Relief and Motion to Compel.

AO 72A (Rev.8/8 2)

*Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). When a defendant is faced with a shotgun pleading, a defendant is expected seek a more definite statement under FED. R. CIV. P. 12(e). *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed. Appx. 597, 603 (11th Cir. July 29, 2008). In the absence of such a motion, the Eleventh Circuit has instructed district courts that, "in the exercise of its inherent power, [they] must intervene *sua sponte* and order a repleader." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001). Dismissal is appropriate in certain circumstances if the plaintiff fails to comply with the court order, *id.*, but not merely because the complaint is a shotgun pleading, *Bailey*, 288 Fed. Appx. at 603 ("When faced with a shotgun complaint, we have encouraged defendants to make motions for more definite statements or courts to demand repleader-and not, as the case were, to dismiss a complaint with prejudice.").

Given the above law, the undersigned concludes that Plaintiff's complaint is not subject to dismissal merely because it might be a shotgun complaint. The Court has not directed Plaintiff to replead her complaint on its own initiative or in response to a motion for a more definite statement, so the request for dismissal on the grounds that Plaintiff filed a shotgun pleading is inappropriate. MERS and Chase's remedy in the face of Plaintiff's shotgun pleading is to seek a more definite statement under

14

Rule 12(e). Accordingly, the undersigned concludes that these Defendants are not entitled to dismissal merely because Plaintiff may have filed a shotgun pleading. As such, their motion to dismiss on the grounds that the complaint is a shotgun pleading should be **DENIED**.

   C.   *Rule 8 Pleading*

MERS and Chase appear to seek dismissal because Plaintiff's Complaint as a whole does not comply with Rule 8 as interpreted by *Twombly* and *Iqbal*. "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 409 (N.D. Ga. Aug. 13, 2009) (Shoob, J.) (quoting *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1ˢᵗ Cir. 1993)). A dismissal for failure to comply with Rule 8 is without prejudice and must require the plaintiff to re-file a complaint that complies with the Federal Rules. *Allen*, 267 F.R.D. at 409 (citing *Ramos-Barrientos v. Bland*, No. 6:06CV089, 2008 WL 474426, *2 (S.D. Ga. Feb.19, 2008)).

The undersigned concludes that Plaintiff's Complaint does not satisfy the requirements of Rules 8 or 10 of the federal rules, as it is a generic, canned document that does not specifically identify how each Defendant violated the law. Instead, the

AO 72A
(Rev.8/8
2)

body of the Complaint references a single "Defendant" despite Plaintiff naming four Defendants in the caption. Plaintiff's Complaint therefore does not provide a short or plain statement of Plaintiff's claims showing that the she is entitled to relief against Defendants. *See* FED. R. CIV. P. 8(a)(2). As a result, Plaintiff's complaint could be dismissed without prejudice for violating Rule 8 as interpreted by *Twombly/Iqbal*. However, such a dismissal would require that Plaintiff be given an opportunity to replead. *See Allen*, 267 F.R.D. at 409. As explained below, Plaintiff should not be offered another opportunity to replead her claims.

Accordingly, Defendants' motion to dismiss based on violations of Rule 8 should be **DENIED**.

### D. *Fraud and Heightened Pleading*

Although MERS and Chase question whether Plaintiff is raising a fraud claim, they assert that any claim should be dismissed for failing to meet the heightened pleading standard under Rule 9 of the federal rules because Plaintiff only conclusorily makes a fraud allegation. [Doc. 6 at 8-10]. Under FED. R. CIV. P. 9(b), "a party must state with particularity the circumstances constituting fraud" when raising fraud claims. Although courts liberally construe *pro se* complaints, the particularity requirement of Rule 9 still applies to *pro se* litigants albeit courts allow *pro se* litigants some leniency.

16

*See Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 137 (D.D.C. 2008); *Lathrop v. Juneau & Assocs., Inc. P.C.*, 220 F.R.D. 322, 327-28 (S.D. Ill. 2004); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 64 (D.D.C. 2002); *see also Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008) (affirming dismissal of fraud claims raised by *pro se* plaintiffs because they were not pleaded with particularity and they did not cure deficiencies of prior complaint). The Eleventh Circuit has noted that "[p]articularity means that 'a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002)). Also, an essential element of fraud is reasonable reliance on the fraudulent representation. *See Baker v. Campbell*, 255 Ga. App. 523, 527, 565 S.E.2d 855, 858 (2002).

The undersigned concludes that to the extent that Plaintiff has raised a fraud claim, Plaintiff has not met the heightened pleading requirements to state a claim for fraud. First, Plaintiff's Complaint suggests that the silence of "Defendant" may be equated with fraud. (Complaint ¶ 3(7)). However, such a suggestion does not identify

17

to which "Defendant" Plaintiff refers or to the time, place, or substance of the alleged fraud.  Also, Plaintiff has not alleged how she relied on any fraudulent representations or omissions by "Defendant."  Without such allegations, Plaintiff's complaint does not meet the heightened pleading requirements for fraud or otherwise state a claim for fraud against any of the Defendants.  Accordingly, Plaintiff's fraud claims should be **DISMISSED**.

###### E.    *Demand for Original Loan Documents*[9]

MERS and Chase posit three sources of law for Plaintiff's claims that they ignored her requests to provide the original loan documents: (1) RESPA; (2) the FDCPA; and (3) State law.  [Doc. 6 at 10-14].  Defendants argues that none of these bases entitle Plaintiff to recover.  First, MERS and Chase argue that Plaintiff's notice does not constitute a qualified written request under RESPA because Plaintiff has demanded information about the validity of the loan and mortgage documents and has not sought information about the servicing of her loan.  [*Id.* at 11-12].  Second, MERS and Chase argue that Plaintiff's letter does not qualify as a validation of debt under the

---

[9]    In evaluating Plaintiff's claims discussed in Parts IV.E and V, *infra*, the Court is guided by the failure to state a claim standard outlined in Part III.B.2, *supra*.

18

FDCPA because such a validation is sent by a creditor, not a debtor.[10] [*Id.* at 12]. They also argue that the FDCPA does not apply because mortgage originators and servicers are not debt collectors. [*Id.* at 12-13]. Third, these Defendants assert that State law does not entitle Plaintiff to obtain the original loan documents because Georgia is a nonjudicial foreclosure state that does not require the original note to be produced prior to a foreclosure. [*Id.* at 13-14].

The Court concludes that Plaintiff's claims relating to MERS and Chase's failure to produce the note must be dismissed. First, Plaintiff's produce the note arguments appear not to be cognizable under state law. *Cf. Wilson v. BB&T Mortg.*, No. 1:10-cv-1234-RWS, 2010 WL 4839372, *3 (N.D. Ga. Nov. 23, 2010); *Watkins v. Beneficial, HSBC Mortg.*, Civil Action No. 1:10-CV-1999-TWT-RGV, 2010 WL 4318898, *4 (N.D. Ga. Sept. 2, 2010) (Vineyard, M.J., *adopted by* Thrash, J., 2010 WL 4312878 (N.D. Ga. Oct. 21, 2010)) (observing that "nothing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note" and that other federal courts have "found that possession of the promissory note is not required to conduct a non-judicial foreclosure sale of a security deed"); *Webb v. Suntrust Mortg.*,

_____

[10]    A debtor may send, however, a letter seeking verification of a debt under the FDCPA. *See* 15 U.S.C. § 1692g(b).

19

AO 72A
(Rev.8/8
2)

*Inc.*, No. 1:10-cv-307, 2010 WL 2950353, *2 n.5 (N.D. Ga. July 1, 2010) (Hagy, M.J.,

*adopted by* Thrash, J., 2010 WL 2977950 (N.D. Ga. Jul 23, 2010)).  As a result,

Plaintiff's claims under Georgia State law that Defendants were required to produce the

note are subject to dismissal.

Second, RESPA does not provide Plaintiff with a right to relief.  Section 2605(e)

provides that a "loan servicer" has a duty (1) to respond to borrower inquiries by

acknowledging receipt of the inquiry within 20 days and (2) to take any necessary

action within 60 days of the inquiry.  *See* 12 U.S.C. § 2605(e)(1), (2).  Under RESPA,

a qualified written request is "a written correspondence" for information relating to the

servicing of the loan that:

> (i) includes, or otherwise enables the servicer to identify, the name and
> account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to
> the extent applicable, that the account is in error *or* provides sufficient
> detail to the servicer regarding other information sought be the borrower.

12 U.S.C. § 2605(e)(1)(A), (B)(i), (ii) (emphasis added).  It bears noting that

§ 2605(e)(1)(A)(ii) defines a qualified written request in the disjunctive.  *See Goldman*

*v. Aurora Loan Servs., LLC*, No. 1:10-cv-3337, 2010 WL 3842308, *5 (N.D. Ga.

Sept. 24, 2010) (Story, J.).  Therefore, under this "broad and clear" language, "[a]ny

20

reasonably stated written request for account information can be a qualified written request. To the extent that a borrower is able to provide reasons for a belief that an account is in error, the borrower should provide them, but any request for information made with sufficient detail is enough under RESPA to be a qualified written request." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 687 (7th Cir. 2011). Some courts have determined that a letter seeking information about the validity of the loan and mortgage documents does not constitute a qualified written request because it does not relate to the "servicing" of the loan. *See Gates v. Wachovia Mortg. FSB*, No. 2:09-cv-2464, 2010 WL 2606511, *3 (E.D. Cal. June 28, 2010) (stating that an inquiry into ownership of the loan and an allegation of defective loan documentation are not sufficient to qualify as a qualified written request); *Muricata, Inc. v. Neem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000).

The Court concludes that Plaintiff's qualified written requests must fail under RESPA. Plaintiff's letter basically asks Defendants to "produce the Original Verified Note with blue ink signatures," to provide a full independent audit, and to rescind the note and refund all payments. (*See* Letter in Doc. 1-1 at 14). Given these requests, the undersigned concludes that Plaintiff is essentially seeking to challenge the validity of her loan. Since there is case law dismissing § 2605(e) claims on this ground, the

21

undersigned concludes that Plaintiff's claims should be dismissed.  *See Gates*, 2010 WL 2606511 at *3;  *Neem*, 118 F. Supp. 2d at 901.  *But see Goldman*, 2010 WL 3842308 at *4-5 (concluding that debt validation notice under FDCPA was a qualified written request under § 2605(e)(1)(B)(ii)).  As a result, Plaintiffs' RESPA claims against Defendants based on a failure to respond to her written requests should be dismissed.

Third, Plaintiff's FDCPA claims are also subject to dismissal.  The FDCPA under 15 U.S.C. § 1692g provides that "if a consumer notifies a debt collector in writing that a debt is disputed, the collector must cease collection of that debt until the debt collector verifies the debt and mails a copy of the verification to the consumer."  *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009) (citing 15 U.S.C. § 1692g(b)).  The FDCPA only regulates, however, that conduct of "debt collectors."  *See Cliff*, 363 F.3d at 1123 ("The FDCPA applies to debt collectors in general[.]").  A "debt collector" is a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Those charged with enforcing security interests, such as mortgage servicers, generally are not considered debt collectors, unless the provisions of 15 U.S.C. § 1692f(6) apply.  *See Jackman v. Hasty*, Civil Action

22

No. 1:10-CV-2485-RWS, 2011 WL 854878, *4-5 (N.D. Ga. Mar. 8, 2011). Section 1692f(6) prohibits a debt collector from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if" (1) "there is no present right to possession of the property claimed as collateral through an enforceable security interest"; (2) "there is no present intention to take possession of the property"; or (3) "the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).

Plaintiff has not alleged facts to demonstrate that MERS and Chase (or the other Defendants) are debt collectors. She merely states that she is bringing her lawsuit under the FDCPA without any elaboration as to why this statute applies to MERS, Chase, or the other two Defendants. The undersigned therefore concludes that Plaintiff has not stated claims under the FDCPA.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims relating to her written request whether they arise under state law, RESPA, or the FDCPA be **DISMISSED**.

## V.    *Sua Sponte Dismissal*

Chase and MERS removed this case on federal question grounds by alleging in part that Plaintiff has alleged violations of "the Constitution of the United States . . .

23

[TILA], . . . and the Fair Credit Billing Act." (Notice of Removal ¶¶ 3-4]. They then

identified these same claims in their motion to dismiss, [Doc. 6 at 3], yet Chase and

MERS, with the exception of a footnote about TILA [*id.* at 8 n.4], did not move to

dismiss these claims, [*see generally* Doc. 6]. Ocwen's motion is also silent as to these

other claims. [*See* Doc. 4]. Perhaps, MERS and Chase had intended to have these

claims dismissed as part of their shotgun pleading discussion, [Doc. 6 at 3-5], but as

explained above, the shotgun nature of the complaint does not warrant dismissal. *See*

Part IV.B, *supra*. Perhaps, MERS and Chase intended to have these claims dismissed

for failing to meet the Rule 8 pleading standard, but if this was their intention, it is not

clear because the Rule 8 discussion does not specifically refer to the United States

Constitution or the Fair Billing Act. Besides, the undersigned has explained above that

the case should not be dismissed for violating Rule 8 because such a dismissal provides

Plaintiff with the opportunity to replead. *See* Part IV.C, *supra*.

Although Defendants did not address Plaintiff's apparent claims arising under

the UCC, the United States Constitution, the FCBA, and TILA, the District Court need

not allow these claims to continue because the Court may *sua sponte* dismiss these

claims. The Eleventh Circuit prohibits a court from *sua sponte* dismissing claims under

Rule 12(b)(6)

24

where: 1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond.

*Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing

*Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir.

1983)). However, none of these circumstances will be present when the District Court

issues its order, thereby allowing the Court to dismiss certain claims *sua sponte*. First,

Plaintiff no longer has a right to file an amended complaint as a matter of course

because 21 days have passed since Defendants filed their Rule 12(b) motions to

dismiss. *See* FED. R. CIV. P. 15(a)(1)(B), (2). Second, Plaintiff has filed a boilerplate

complaint suggesting that her claims were not brought in good faith. Third, this Report

and Recommendation ("R&R") will serve as notice of the District Court's intention to

*sua sponte* dismiss certain claims. *See Anderson v. Dunbar Armored, Inc.*,

678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.); *see*

*also Shivers v. International Broth. of Elec. Workers Local Union 349*, 262 Fed. Appx.

121, 125, 127 (11th Cir. 2008) (approving *sua sponte* grant of summary judgment where

R&R recommended dismissal *sua sponte* and court gave notice for plaintiff to respond

to R&R). As such, the undersigned *sua sponte* turns to the merits of Plaintiff's claims

25

arising under the United States Constitution, FCBA, TILA, and UCC despite Defendants' failure to address these claims.

### 1. United States Constitution

"[I]njunctive relief has long been recognized as the proper means for preventing entities from acting unconstitutionally." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001). Also, a plaintiff may recover damages against certain defendants for violations of constitutional rights either through a *Bivens* action (federal officers) or a 42 U.S.C. § 1983 action (state officers). *Gains v. Rowe*, No. 6:05-cv-127, 2006 WL 717195, *1 (S.D. Ga. Mar. 17, 2006). However, an action for constitutional violations may not be brought against a private actor, but only may be brought against governmental actors because the United States Constitution regulates governmental, not private, conduct. *See Lebron v. National Railroad Passenger Corporation*, 513 U.S. 374, 392 (1995) ("The Constitution constrains *governmental action* 'by whatever instruments or in whatever modes that action may be taken,' ") (emphasis added); *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (noting that "most rights secured by the Constitution are protected only against infringement by government"); *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1340 (9th Cir. 1997) ("Individuals and

26

private entities are not normally liable for violations of most rights secured by the United States Constitution.").

Plaintiff's civil action is against a number of private entities, and she has not suggested how their actions have any sort of relationship to governmental action. As such, the undersigned concludes that Plaintiff cannot state claims against Defendants for violations of the United States Constitution. *See Distant v. Bayview Loan Servicing, LLC*, No. 09-61460-CIV, 2010 WL 1249129, *3 (S.D. Fla. Mar. 25, 2010).

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's claims arising under the United States Constitution.

### 2. TILA

Defendants state that Plaintiff has not identified any specific provisions for which she seeks recovery under TILA. [Doc. 6 at 8 n.4]. The letter attached to Plaintiff's complaint suggests, however, that Plaintiff seeks rescission of her loan. (*See* Letter in Doc. 1-1 at 15 (noting that the defendant did not "rescind[] the Note"). TILA allows a party to rescind a consumer credit transaction, *see* 15 U.S.C. § 1635(a), and the creditor must terminate the security interest created under the transaction once it has timely notice of the rescission, *see id.* § 1635(b). However, TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run"

from the date of the consummation of the transaction. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). Plaintiff's rescission claim would be untimely because she refinanced her loan in December 2004. She therefore had until December 2007 to seek rescission of her loan under the three year statute of repose. Plaintiff waited however until November 2010 to file her civil action, so Plaintiff's attempt to rescind her loan under TILA would be untimely.[11]

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's TILA claims.

### 3. *Fair Credit Billing Act*

"The Fair Credit Billing Act [("FCBA")] added a number of provisions to the Truth in Lending Act[.]" *American Exp. Co. v. Koerner*, 452 U.S. 233, 234 (1981). Courts have concluded that the FCBA does not apply to mortgage loans because the act

---

[11]     To the extent that Plaintiff seeks monetary damages under TILA based on the origination of the December 2004 loan, these claims would fail as well. Actions for monetary damages under TILA generally must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Velardo v. Fremont Investment & Loan*, No. 08-12387, 2008 WL 4768850, *2 (11th Cir. Nov. 3, 2008); *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). "The violation 'occurs' when the transaction is consummated." *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984). Any TILA violations relating to the refinancing loan would have occurred at the time that Plaintiff obtained the loan in December 2004, so Plaintiff's November 2010 lawsuit would be untimely.

28

only applies to creditors offering open end credit plans such as credit cards. *Hennington v. Bank of Am.*, No. 1:10-cv-1350-WSD, 2011 WL 705173, *4 (N.D. Ga. Feb. 18, 2011) (finding no clear error in magistrate judge's finding that the FCBA only applies to open end credit plans such as a credit card). An open end credit plan is "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance." *Phan v. Accredited Home Lenders Holding Co.*, No. 3:09-cv-328, 2010 WL 1268013, *5 (M.D. Fla. Mar. 29, 2010) (citing 15 U.S.C. § 1602(i)). Plaintiff's Complaint has not alleged that the refinancing loan at issue is an open ended credit plan because there are no allegations of repeated transactions beyond the initial refinancing loan. *Id.*; *Hennington*, 2011 WL 705173 at *4.

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's FCBA claims.

### 4.    *Uniform Commercial Code*

Plaintiff cites to the following provisions of the UCC: "3-601, 3-602, 3-603, 3-604, [and] 3-605." (Complaint ¶ 3(9) in Doc. 1-1). "In 1962 Georgia adopted the Uniform Commercial Code (UCC), which has as its stated purpose the provision of a

AO 72A
(Rev.8/8
2)

uniform system for dealing with commercial transactions." *Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga. App. 679, 683, 327 S.E.2d 800, 804 (1985) (citing O.C.G.A. § 11-1-102). "The revised UCC is now codified at OCGA, Title 11." *Id.* The provisions cited by Plaintiff concern the discharge and payment of an instrument. *See* O.C.G.A. §§ 11-3-601, 11-3-605; *see also Jessee v. First Nat'l Bank of Atlanta*, 154 Ga. App. 209, 210, 267 S.E.2d 803, 805 (1980) ("The present law governing the discharge of parties from liability on negotiable instruments is found in UCC § 3-601 et seq.").

Based on Plaintiff's citations to the UCC, allegation that "Defendant has to date knowingly refused Plaintiff's offer to satisfy purported debt," and request for a "Full Deed of Release," Plaintiff might be attempting to claim that she is entitled to a discharge of the debt under the payment and discharge provisions of the UCC. (*See* Complaint ¶ 3(4)). The following provisions are relevant to Plaintiff's apparent theory:

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of

AO 72A
(Rev.8/8
2)

an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

O.C.G.A. § 11-3-603(a), (b). Under Georgia law, a tender "must be certain and unconditional," and it "must be in full payment of the specific debt." O.C.G.A. s 13-4-24. "[T]here must be an actual, present bona fide offer to pay; and such requirement is not met by merely evidencing a willingness to pay, or by an offer or intention to make a tender." *Jolly v. Jones*, 201 Ga. 532, 532, 40 S.E.2d 558, 558 (1946).

The undersigned concludes that Plaintiff is not entitled to a discharge under the UCC based on her "offer to satisfy" the debt. Plaintiff's allegation of an "offer to satisfy" the debt indicates that she evidenced at most a willingness to pay, not that she provided Defendants with a certain and unconditional payment. This was not a proper tender offer. *Cf. Davis v. Dillard Nat'l Bank*, No. 1:02-cv-546, 2003 WL 21297331, *2 (M.D.N.C. June 4, 2003) (concluding under North Carolina law that there was no tender where plaintiffs "[m]erely offer[ed] to produce payment or show[ed] a readiness to perform" because "actual production of payment is necessary").[12] Without proper

---

[12] The undersigned notes that the *Davis* case suggests another basis that Plaintiff may not be entitled to discharge under § 11-3-603, namely she is not an indorser or accommodation party. *Davis*, 2003 WL 21297331 at *3.

AO 72A
(Rev.8/8
2)

tender, the undersigned concludes that there is no basis for Plaintiff to claim a discharge under the UCC.

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS** Plaintiff's UCC claims against Defendants.

### 5. *Defendant Finance America*

Although Defendant Finance America has not appeared in this case, there is no reason to keep this case open until Plaintiff serves Finance America or until the time for service has expired. This is so because Plaintiff's claims against Finance America are subject to dismissal for the same reasons that Plaintiff's claims against the other Defendants are subject to dismissal. Accordingly, the undersigned **RECOMMENDS** that the District Court *sua sponte* **DISMISS** all of Plaintiff's claims against Finance America.

## VI. *Construed Motion for Default and for Default Judgment, [Doc. 9]*

Plaintiff requests that the Court enter a default and default judgment against Defendants pursuant to FED. R. CIV. P. 55 because "Defendant(s) are attempting to manipulate the judicial system by using the court as a remedy for failing to respond within (30 days) to the action submitted in" Gwinnett County. [Doc. 9 at 1]. Plaintiff appears to believe that Defendants' failure to respond within 30 days of her

September 23, 2010, letter somehow entitles her to default judgment under Rule 55. (*See* Brief ¶ 5-8 in Doc. 9 at 30). Plaintiff argues that although Defendants assert improper service, she has properly served them. [Doc. 9 at 2]. She also believes that Defendants are attempting to shift the blame away from their failure to follow federal law. [*Id.*].

Ocwen responds that Plaintiff is not entitled to default judgment because Plaintiff has not properly served it. [Doc. 10 at 2-3]. Chase and MERS assert that Plaintiff's motion for a default reflects a misunderstanding of the federal rules because their removal and motion to dismiss following removal were proper under the federal rules. [Doc. 12 at 1-2].

Under Rule 55 of the Federal Rules of Civil Procedure, there is "a two-step procedure for obtaining a default judgment." *Deforest v. Johnny Chisholm Global Events, LLC*, No. 3:08-cv-498, 2010 WL 1792094, *7 (N.D. Fla. May 4, 2010); *see also* FED. R. CIV. P. 55(a), (b). First, the clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). Second, after a default is entered, the party must then apply to the court for a default judgment. *See* FED. R. CIV. P. 55(b). As a result, "the clerk's entry of default

33

must precede an application" for default judgment. *Deforest*, 2010 WL 1792094 at *7 (citing *Fairman v. Hurley*, 373 F. Supp. 2d 227, 231 (W.D.N.Y. 2005)); *Travelers Cas. & Surety Co. of Am., Inc. v. E. Beach Dev., LLC*, Civil Action No. 07-0347-WS-B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007) ("The point is that a clerk's entry of default must precede an application to the district court for entry of default judgment.").

The undersigned concludes that Plaintiff is not entitled to a default or a default judgment. As a procedural matter, Plaintiff's combined motion for both a default and default judgment is not the appropriate mechanism for seeking a default judgment because Plaintiff must first obtain a default before seeking default judgment. She cannot seek both a default and a default judgment in the same motion. *See* FED. R. CIV. P. 55(a), (b); *Deforest*, 2010 WL 1792094 at *7.

Even if the combined motion were proper, there is no reason to enter default against Defendants. A default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought," but "has failed to plead or otherwise defend" and this failure "is shown by affidavit." FED. R. CIV. P. 55(a). Plaintiff has not shown that a default is appropriate by an affidavit. Also, Defendants are not in default. "A defendant who did not answer before removal must answer or present other defenses or objections" within the longest of the following periods: (1) 21 days after service of

34

the initial pleading; (2) 21 days after service of the summons; or (3) 7 days after the notice of removal. FED. R. CIV. P. 81(c)(2)(A)-(C). Here, Ocwen filed a motion to dismiss prior to removal while MERS and Chase filed their motion to dismiss one day after the removal. As such, these Defendants are not in default. As for Finance America, Plaintiff has not demonstrated that she has served the summons or pleading on it, so its nonappearance does not entitle Plaintiff to default. Since Plaintiff is not entitled to a default against any of the Defendants, she is not entitled to a default judgment.

Finally, even if Defendants were in default, Plaintiff could not receive a default judgment. "[A] default does not in itself warrant the court in entering a default judgment." *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* at 1206. As discussed above, Plaintiffs' claims against Defendants are entitled to be dismissed, so there is no basis in her complaint for judgment to be entered in her favor.

Accordingly, for all of the reasons above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default and for Default Judgment, [Doc. 9], be **DENIED**.

AO 72A
(Rev.8/8
2)

## VII.   *Combined Motion for Injunctive Relief and Motion to Compel*

Plaintiff seeks injunctive relief to stop "Defendant's collection activities" and a motion to compel "Defendant" to produce documents requested.  (*See* Complaint in Doc. 1-1 at 4).  MERS and Chase assert that an injunction is not appropriate because: (1) no foreclosure proceedings have been initiated, [Doc. 6 at 14-15]; and (2) Plaintiff has not demonstrated that any of the four requirements for injunctive relief apply, [*id.* at 15-16].

The undersigned concludes that Plaintiff is not entitled to the relief sought.  First, Plaintiff is not entitled to production of the documents because as discussed above, Defendants do not have any legal obligation to provide the information or to act in the manner sought by Plaintiff.  *See* Part IV.E, *supra.*

Second, Plaintiff is not entitled to injunctive relief.  To the extent that Plaintiff seeks to enjoin foreclosure proceedings, MERS and Chase have represented that no such proceedings have been commenced.  [Doc. 6 at 14].  As a result, the Court cannot enjoin a proceeding that has not commenced.  Additionally, even if foreclosure proceedings were commenced, Plaintiff does not appear to have standing to seek foreclosure because she has not tendered the amount due.  *See Taylor v. Wachovia Mortg. Corp.*, No. 1:07-cv-2671, 2009 WL 249353, *5 n.6 (N.D. Ga. Jan. 30, 2009).

36

AO 72A
(Rev.8/8
2)

To the extent that Plaintiff seeks to enjoin Defendants from requesting repayments of the loan, Plaintiff is not entitled to such relief under FED. R. CIV. P. 65. This rule authorizes a party to seek a preliminary injunction or temporary restraining order from the court. FED. R. CIV. P. 65(a), (b). To obtain a preliminary injunctive relief, a party must establish "each of the following four prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court will only grant preliminary injunctive relief "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). As discussed above, all of Plaintiff's claims are subject to dismissal, so she cannot show a substantial likelihood of success on the merits. *See* Parts III, IV, V, *supra*. Additionally, Plaintiff has not made any offer to tender any security. *See Jackman*, 2011 WL 854878 at *1 (denying motion for injunctive relief in part because plaintiff made no offer to tender any security).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Injunctive Relief and Motion to Compel be **DENIED**.

AO 72A
(Rev.8/8
2)

## VIII.  *Conclusion*

For the reasons set forth above, the undersigned **RECOMMENDS** that:

(1) Plaintiff's Motion for Injunctive Relief and Motion to Compel be **DENIED**; (2) the

motion to dismiss by Ocwen, [Doc. 4], be **GRANTED IN PART AND DENIED IN**

**PART**; (3) the motion to dismiss by Chase and MERS, [Doc. 6] be **GRANTED IN**

**PART AND DENIED IN PART**; and (4) Plaintiff's motion for default and default

judgment, [Doc. 9], be **DENIED**.  The undersigned also **RECOMMENDS** that the

District Court *sua sponte* **DISMISS**: (1) all claims against Finance America; and

(2) Plaintiff's apparent claims against Ocwen, MERS, and Chase under the United

States Constitution, the Fair Credit Billing Act, the Truth in Lending Act, and the

Uniform Commercial Code.[13]

---

[13]      The Eleventh Circuit has stated, "[w]here it appears that a more carefully drafted complaint might state a claim, the district court should give a pro se plaintiff an opportunity to amend his complaint instead of dismissing it."  *Schmitt v. U.S. Office of Personnel Mgmt.*, No. 09-14783, 2010 WL 4721618 at *1 (11th Cir. Nov. 23, 2010) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)).  "Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim."  *Jemison v. Mitchell*, No. 09-15635, 2010 WL 2130624, *2 (11th Cir. May 27, 2010).  Plaintiff should not be afforded an opportunity to amend in this case given the deficiencies outlined in the main text and Plaintiff's use of a boilerplate complaint, which indicates that Plaintiff has not brought or litigated her case in good faith.  *See Johnson v. Irby*, No. 09-13544, 2010 WL 4721625, *2 n.3

AO 72A
(Rev.8/8
2)

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this the 22nd day of March, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

(11th Cir. Nov. 23, 2010) (concluding that plaintiffs were not entitled to replead given their complaint's deficiencies).  As a result, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend.

AO 72A
(Rev.8/8
2)