IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEZLI HALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION FILE ) |
| CHASE HOME FINANCE, LLC, et al., | ) NO. 1:11-cv-92-TCB ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on Defendants' objections [16] to Magistrate Judge Alan J. Baverman's final Report and Recommendation ("R&R") [15], which recommends among other things that Defendants' motions to dismiss be granted in part and denied in part. Also before the Court is Plaintiff's motion for an extension of time to amend her complaint and re-serve Defendants [17].

After conducting a careful and complete review of a Magistrate Judge's findings and recommendations, a district judge may accept, reject or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C); *Williams v.*

*Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge must "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). Those portions of an R&R to which an objection is not asserted are reviewed for plain error. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Court has conducted a careful review of the R&R. Having done so, the Court finds that Judge Baverman's factual and legal conclusions are entirely correct.

Defendants assert a narrow objection to the R&R. They contend that the R&R is ambiguous as to whether it recommended that Plaintiff's complaint be dismissed in its entirety. The Court has reviewed the R&R and it is apparent that Judge Baverman did in fact intend to recommend that Plaintiff's complaint be dismissed in its entirety. The R&R was styled a "final R&R" and it granted Defendants' motions to dismiss based upon the argument that Plaintiff's complaint failed to state a claim upon which relief can be granted. Accordingly, the Court finds that all claims in Plaintiff's complaint should be dismissed.

2

There is one final matter to address. Following the issuance of the R&R, Plaintiff filed a motion for an extension of time to amend her complaint and re-serve Defendants [17]. In the motion, Plaintiff requests that the Court provide her additional time to re-serve Defendants. However, Plaintiff appears to have misunderstood Judge Baverman's R&R. The R&R did not recommend that Plaintiff's complaint be dismissed for failure to effect service of process. Indeed, the R&R recommended that Defendants' motions to dismiss be denied on this basis. As noted above, the R&R recommended that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

Additionally, to the extent that Plaintiff now seeks to amend her complaint, the Court rejects this request. Plaintiff has failed to file a proposed amendment or explain how an amended complaint would cure the inherent deficiencies in her claims.

For these reasons, the Court DENIES Plaintiff's motion for an extension of time to amend her complaint and re-serve Defendants [17]. The Court ADOPTS as its ORDER Judge Baverman's R&R [15]. The CLERK is DIRECTED to close this case.

IT IS SO ORDERED this 12th day of April, 2011.

3

_____
Timothy C. Batten, Sr.
United States District Judge

4